# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| CHANEL, INC., a New York Corporation,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>PETUNIAS OF NAPLES, an Unknown Business Entity; CLAUDETTE WILLIS, an individual;<br><br><br>Defendants. | Civil Action No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br>**3. COMMON LAW UNFAIR COMPETITION**<br>**4. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff") for its claims against defendants Petunias of Naples and Claudette Willis, (collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the common laws.

2.     This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business in the State of Florida and reside in Florida.  Defendants also conduct continuous and systematic business in Florida, placed the Accused Products (as defined below) in the stream of commerce directed to residents of Florida, and derived commercial benefits from the sale of the Accused Products, causing injuries to Plaintiff within the State of Florida.

4.     Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, Defendants reside in this District, and the Court has personal jurisdiction over Defendants.

## THE PARTIES

5.      Plaintiff Chanel, Inc. is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States

located at 9 West 57th Street, New York, New York 10019.

6.      Upon information and belief, defendant Petunias of Naples is an unknown business entity with a principal place of business located at 824 5th Avenue South, Naples, Florida 34102.

7.      Upon information and belief, defendant Claudette Willis is an individual residing in Naples, Florida.  Ms. Willis is the owner, executive officer, and/or managing member of Petunias of Naples. Ms. Willis is an active, conscious, moving force behind the alleged infringement.

8.      Plaintiff will seek leave to amend this complaint should Defendants true names and capacities be ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendants, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants have a non-delegable duty to prevent and/or remedy such acts and

the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Chanel® and its World-Famous Chanel Marks

10.    Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this judicial district, high quality fashion apparel and accessories, including, but not limited to bags, jewelry, wallets, scarves, sunglasses, hair accessories, phone accessories, watches, fragrance and beauty products under federally registered trademarks, including but not limited to the ⬭ Monogram, CHANEL, and other trademarks.

11.    Chanel is the owner of various Chanel Marks, including but not limited to the following United States Trademark Registrations (the "Chanel Marks"):

| Trademark | U.S. Reg. No. | Reg. Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 1,347,677 | 07/09/1985 | Class 18: Leather goods, namely, handbags |
|  | 1,733,051 | 11/17/1992 | Class 18: Leather goods, namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |

| | | | |
|---|---|---|---|
| | 1,177,400 | 11/10/1981 | Class 25: Hats, shawls, and belts |
| | 1,241,265 | 06/07/1983 | Class 25: Suits, jackets, skirts, dresses, pants, blouses, tunics, sweater, cardigans, coats, raincoats, scarves, shoes and boots |
| | 1,510,757 | 11/01/1988 | Class 9: Sun-glasses |
| | 7,189,827 | 10/10/2023 | Class 25: Dresses, footwear, gloves, headwear, hosiery, scarves, swimwear, bottoms as clothing |
| | 3,133,139 | 08/22/2006 | Class 14: Jewelry and watches |
| | 902,190 | 11/10/1970 | Class 14: Bracelets, pins, and earrings |
| | 915,139 | 06/15/1971 | Class 25: Women's shoes |
| | 7,423,225 | 06/18/2024 | Class 14: Jewelry charms |
|  | 1,314,511 | 01/15/1985 | Class 18: Leather goods, namely, handbags |
| | 1,734,822 | 11/24/1992 | Class 18: Leather goods, namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| | 1,654,252 | 08/20/1991 | Class 9: Sunglasses |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| | | | |
|---|---|---|---|
| | 4,241,822 | 11/13/2012 | Class 25: Clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, hats, scarves, ties, gloves, footwear, hosiery |
| | 7,196,443 | 10/17/2023 | Class 25: Footwear, gloves, headwear, hosiery, scarves, swimwear, bottoms as clothing, dresses, outerwear, namely, coats and jackets, tops as clothing, clothing belts |
| | 7,423,226 | 06/18/2024 | Class 14: Jewelry charms |
| | 7,183,062 | 10/03/2023 | Class 14: Costume jewelry |
|  | 1,501,898 | 08/30/1988 | *Inter alia*, Class 14: Costume Jewelry<br><br>Class 25: Blouses, shoes, belts, scarves, jackets, men's ties<br><br>Class 26: Brooches, buttons for clothing |

12.    Attached hereto as **Exhibits A-C** are true and correct copies of the trademark registrations identified in paragraph 11 of this Complaint, which are incorporated herein by reference.

13.    The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high-quality clothing, handbags, jewelry, watches, hair accessories, phone accessories, fragrance and beauty products among other goods

since their respective first use dates.

14.    The registrations for certain Chanel Marks listed above have incontestable rights under Section 15 of the Trademark Act (except for Reg. Nos. 7,423,226, 7,183,062, 7,196,443, 7,423,225, 7,189,827).

15.    The Chanel Marks are a symbol of Chanel's quality, reputation, and goodwill. The Chanel Marks have never been abandoned.

16.    Further, Chanel has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

17.    Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality clothing, jewelry, watches, handbags, hair accessories, phone accessories, fragrance, and beauty products among other goods, and has carefully monitored and policed the use of the Chanel Marks.

18.    As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

19.    Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high-quality clothing, handbags, jewelry, watches, hair accessories,

phone accessories, fragrance, and beauty products among other goods.

**B.    Defendants' Infringing Conduct**

20.    The present lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of handbags, clothing, footwear, jewelry, sunglasses, and accessories that bear marks identical to, substantially indistinguishable from, or confusingly similar to the Chanel Marks (the "Accused Products"), exemplars of which are shown below:







8

### *Examples of Accused Products*

21.    Upon information and belief, Defendants own and operate a retail store called "Petunias of Naples", located at 824 5ᵗʰ Avenue South, Naples, Florida 34102, where they display, offers for sale, and/or sell various clothing, jewelry, and accessory products, including the Accused Products.

22.    During Plaintiff's investigation of the products being sold at Defendants' retail store, Petunias of Naples, Plaintiff's investigator observed handbags, shirts, shoes, hats, sunglasses, wallets, brooches, and slippers that, upon information and belief, bore counterfeit reproductions of one or more Chanel Marks.  Accordingly, these products also comprise the "Accused Products".

23.    Upon information and belief, Defendants also own and operate a website (https://petuniasofnaples.com/), Instagram (@petuniasofnaples), and Facebook (Petunias of Naples), where they also advertise, promote, market, offer for sale, and/or sell various clothing, jewelry, handbag, and accessory products, including one or more of the Accused Products.

24.    Defendants have no license, authority, or other permission from Plaintiff to use any of the Chanel Marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Accused Products. Defendants used the Chanel Marks on the Accused Products without Chanel's permission.

25.    The Accused Products that Defendants sold to various consumers within this District are very likely cause confusion for consumers, including Plaintiff's customers, who, at the time of initial interest, sale, and/or in the post-sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Chanel due to the marks being identical, substantially indistinguishable, or confusingly similar to the Chanel Marks.

26.    Upon information and belief, Defendants have been engaging in the above-described illegal and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiff's rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Chanel Marks and Plaintiff's authentic products.

27.    Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendants, the Accused Products, and Chanel.

28.    Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Accused Products.

29.    As a result of Defendants' activities Plaintiff has suffered substantial

damages and has suffered and continues to suffer irreparable injury without an adequate remedy at law.

## FIRST CAUSE OF ACTION

## (Trademark Infringement and Counterfeiting Under the Lanham Act, 15 U.S.C. § 1114)

30.     Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

31.     Defendants without authorization from Chanel, have used and continue to use in commerce counterfeit (i.e., identical or substantially indistinguishable) imitations of the federally registered Chanel Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods; and/or designations that are confusingly similar to the Chanel Marks.

32.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Chanel.

33.     Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Chanel Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized

thereby.

34.    Defendants' acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

35.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

36.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

37.    Defendants' acts have damaged and will continue to damage Chanel, and Chanel has no adequate remedy at law.

38.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Chanel Marks or any other marks identical, substantially indistinguishable, and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

39.    In light of the foregoing, Chanel is entitled to injunctive relief

prohibiting Defendants from using any of the Chanel Marks, and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chanel has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

**SECOND CAUSE OF ACTION**

**(False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

40.    Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

41.    Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Accused Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Accused Products, and is intended and likely to cause such parties to believe, in error, that the Accused Products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Chanel.

42.    The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

43.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

44.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

45.    Defendants' acts have damaged and will continue to damage Chanel, and Chanel has no adequate remedy at law.

46.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of the Chanel Marks and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### **THIRD CAUSE OF ACTION**

### **(Common Law Unfair Competition)**

47.    Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

48.    Defendants' infringement of the Chanel Marks constitutes unfair competition in violation of the common law of the state of Florida.

49.    Defendants are competitors of Chanel and have copied the Chanel Marks in an effort to exploit Chanel's reputation in the market.

50.    Defendants' infringing acts were intended to capitalize on Chanel's goodwill associated therewith for Defendants' own pecuniary gain.  Chanel has expended substantial time, resources and effort to obtain an excellent reputation for its brand.  As a result of Chanel's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chanel.

51.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chanel.

52.    Chanel has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless it is enjoined by this Court.

53.    The conduct herein complained of was extreme, outrageous, and was inflicted on Chanel in reckless disregard of Chanel's rights.  Said conduct was despicable and harmful to Chanel and as such supports an award of exemplary and

punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar conduct in the future.

54.    In light of the foregoing, Chanel is entitled to injunctive relief prohibiting Defendants from infringing the Chanel Marks and to recover all damages, including attorney's fees, that Chanel has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

55.    Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

56.    Chanel owns and enjoys common law trademark rights to the Chanel Marks in the State of Florida and throughout the United States.

57.    Defendants' misappropriation of Chanel's common law trademarks was intended to capitalize on Chanel's goodwill for Defendants' own pecuniary gain. Chanel has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chanel's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chanel.

58.     Defendants' unauthorized use of the Chanel Marks has caused and is likely to cause confusion as to the source of Defendants' products due to the marks appearing identical, substantially indistinguishable, or confusingly similar to the Chanel Marks, all to the detriment of Chanel.

59.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chanel.

60.     Defendants' acts constitute unfair competition under Florida common law.

61.     Chanel has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

62.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chanel in reckless disregard of Chanel's rights. Said conduct was despicable and harmful to Chanel and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

63.     In light of the foregoing, Chanel is entitled to injunctive relief prohibiting Defendants from using the Chanel Marks to recover all damages, including attorneys' fees, that Chanel has sustained and will sustain and all gains,

profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chanel, Inc. respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1.      Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

     a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products and/or any other products that bear marks identical to, substantially indistinguishable from, and/or confusingly similar to the Chanel Marks;

     b. engaging in any other activity constituting unfair competition with Chanel, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chanel;

     c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of

Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chanel;

d. knowingly assisting, aiding or attempting to assist, or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs a through c above.

2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chanel for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Chanel's rights to the Chanel Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4. Entry of an ORDER directing Defendants to file with this Court and serve on Chanel within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.    Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

6.    An award of all profits that Defendants have derived from using the Chanel Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

7.    An award of enhanced damages due to Defendants' willful infringement;

8.    An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9.    An award of fees and punitive damages to the full extent available in connection with Chanel's claims under common law; and

10.    Any such other relief that may be just and proper.

Dated:    May 12, 2025    STEPHEN M. GAFFIGAN, P.A.

By: /s/ Stephen M. Gaffigan
Stephen M. Gaffigan (Fla. Bar No. 025844)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud

*Attorneys for Plaintiff*
*Chanel, Inc.*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

Chanel, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated:      May 12, 2025          STEPHEN M. GAFFIGAN, P.A.

By: <u>/s/ Stephen M. Gaffigan</u>
Stephen M. Gaffigan (Fla. Bar No. 025844)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
***Attorneys for Plaintiff***
***Chanel, Inc.***